**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-CR-20049-MOORE/LOUIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YUNIOR L. BLANCO-PEDROSO,

    Defendant.

_____/

**<u>ORDER</u>**

This cause came before the Court upon the government's Motion for Revocation and Declaration of Bond Forfeiture (ECF No. 35). This Motion has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, Chief Judge of the United States District Court Judge for the Southern District of Florida, to take all necessary and proper action as required by law (ECF No. 37).

Defendant Blanco-Pedroso was released pending trial on a personal surety bond in the sum of $100,000.00, co-signed by his mother Diana Rosa Pedroso (ECF No. 8). On March 26, 2021, Defendant Blanco-Pedroso appeared before me and entered a plea of guilty to the offenses charged in the indictment. Following the hearing, he was permitted to remain on bond. According to the Motion, Defendant thereafter failed to report as required to his pretrial officer and he removed his GPS monitor. On April 1, 2021, an arrest warrant issued for Defendant's arrest based on his failure to abide by conditions of his release, in violation of Title 18 U.S.C. § 3148.

At the time the present Motion was filed, Defendant remained a fugitive. Thus, the government moved for an order revoking his bond and declaring same forfeited. The following

day, however, on April 27, 2021, Defendant was arrested and appeared in Court on April 28, 2021. At that appearance, Defendant, through appointed counsel, stipulated to being held in detention without a hearing (ECF No. 38).

In response to a request from chambers seeking availability for a hearing on the Motion to Revoke, Defendant filed a Notice indicating no opposition to the government's Motion. Accordingly, no hearing was set and this Order follows.

Federal Rule of Criminal Procedure 46(f) states that the court "must declare the bail forfeited if a condition of the bond is breached." The court may later set aside such forfeiture upon finding that justice does not so require it. *United States v. Gonzalez*, 452 F. App'x 844, 845 (11th Cir. 2011). Similarly, 18 U.S.C. § 3148 requires the court to enter an order of revocation and detention if, after a hearing, the court finds clear and convincing evidence that the person has violated conditions of his release and further finds that no condition or combination of conditions of will release will reasonably assure his appearance as required and the safety of the community, or that the person is unlikely to abide by any condition of release.

Defendant has stipulated to his detention in this matter following his re-arrest, and noticed his non-opposition to the government's Motion. Accordingly, and without opposition from Defendant, the Motion to Revoke is **GRANTED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of May, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**